# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ricky A. Olson, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:23-cv-179 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Cass County Sheriff, Three Deputy Sheriffs, | ) |
| Cass County Medical Staff, and Nursing | ) |
| Staff of Cass County, | ) |
| | ) |
| Defendants. | ) |

Ricky A. Olson, proceeding pro se and in forma pauperis, alleged several claims under 42 U.S.C. § 1983. On January 30, 2024, after screening his complaint under 28 U.S.C. § 1915A, this court recommended that several claims be dismissed, (Doc. 43), and the district judge adopted that recommendation on February 23, 2024, (Doc. 52).[1] The court, however, permitted Olson to proceed with excessive force claims against "Three Deputy Sheriffs" in their individual capacities but stated Olson had until February 29, 2024, to amend the complaint to identity each of those defendants by name. The court cautioned that failure to amend the complaint could result in a recommendation that his complaint be dismissed. (Doc. 43, p. 21). The court later extended the deadline to amend the complaint to March 15, 2024. (Doc. 45). Since then, Olson has sent numerous letters to the court, but he has not submitted an amended complaint or otherwise identified the three deputies by name. (See Doc. 44, Docs. 46 to 50, Docs. 54-60).

---

[1] Because no claims remain against defendants "Cass County Sheriff," "Cass County Medical Staff," and "Nursing Staff of Cass County," the Clerk is directed to correct the docket to reflect those defendants were dismissed from the case as of February 23, 2024, the date of the order adopting the recommendation.

Olson cannot proceed with claims against unidentified defendants. Since he has not identified any of the three deputies by name, none can be served with a summons and the complaint, and the claims against the three deputies are subject to dismissal without prejudice. See, e.g., Lewis v. Pulaski Cnty. Sheriff's Off., No. 4:18-CV-00143-KGB, 2022 WL 990351, at *1 n.2 (E.D. Ark. Mar. 31, 2022) (dismissing the plaintiff's claims against unidentified John Doe defendants after the plaintiff failed to move to amend the complaint to identify the John Doe defendants and failed to timely serve them pursuant to Federal Rule of Civil Procedure 4(m)); Basham v. Harrison, No. 4:19-CV-4099, 2019 WL 5929275, at *3 (W.D. Ark. Nov. 12, 2019) (permitting the plaintiff thirty days to identify a John Doe defendant before dismissing the claim against that defendant without prejudice). Olson has been permitted sufficient time to amend the complaint to identify the three deputies by name but has not done so.

Though Olson submitted several letters to the court, those letters generally reiterated claims considered on initial screening of his complaint. Notably, Olson was confined at Cass County Jail when he submitted the recent letters, and Cass County Jail is where he alleges the excessive force occurred and where the three deputies are employed. But his letters did not address any attempt to identify the three deputies by name. "District courts have inherent power to dismiss sua sponte a case for failure to prosecute." Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962)).

Because Olson did not amend his complaint by the March 15, 2024 deadline and has not conveyed any attempt to identify the three deputies by name, this court **RECOMMENDS** his complaint be dismissed in its entirety without prejudice. Because any appeal would be frivolous and could not be taken in good faith, this court further

**RECOMMENDS** the district judge find any appeal may not be taken in forma pauperis.

Dated this 28th day of March, 2024.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

### NOTICE OF RIGHT TO OBJECT[2]

Plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than **April 11, 2024**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[2] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.